UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Petitioner,

v.                                                    Case No. 2:09-cv-229
                                                   HON. R. ALLAN EDGAR

GARY CAPELLO,

    Respondent.
_____/

## MEMORANDUM AND ORDER

      Michael Gresham, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d).

      On February 2, 2010, Magistrate Judge Greeley submitted his report and recommendation. [Doc. No. 19]. It is recommended that Gresham's amended habeas petition be denied and dismissed with prejudice on the ground it is time-barred by the limitations in 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Greeley correctly determined that Gresham has failed to allege and demonstrate sufficient facts and circumstances that would warrant equitable tolling of the statute of limitations. It is further recommended that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2) because reasonable jurists could not find it debatable whether Gresham's habeas petition is time-barred by the statute of limitations. *Slack v. McDaniel*, 529 U.S. 473 (2000).

Gresham objects to the report and recommendation, and raises two main arguments. First, Gresham argues that the running of the statute of limitations should be calculated under 28 U.S.C. § 2244(d)(1)(B). It is argued that MDOC employees confiscated prisoner Gresham's legal property which impeded and prevented him from filing his § 2254 habeas petition. Second, Gresham argues that he is entitled to equitable tolling of the statute of limitations based on the actual innocence equitable tolling doctrine. *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

After reviewing the entire record *de novo*, the Court concludes that Gresham's objections [Doc. No. 20] are without merit and will be denied. Gresham has not met his burden of showing that 28 U.S.C. § 2244(d)(1)(B) is applicable and governs when the statute of limitations commences to run on his habeas petition. Gresham is not entitled to equitable tolling of the statute of limitations because he has not met his burden of showing that he has a credible claim of actual innocence based on newly discovered evidence.

The Court agrees with and adopts the report and recommendation. Gresham's habeas petition must be denied and dismissed with prejudice on the ground that it is time-barred by applicable statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

I.  **Background**

On April 17, 2000, Gresham was found guilty and convicted in the Kent County Circuit Court, Grand Rapids, Michigan, on the following criminal charges after a jury trial: two counts of first degree criminal sexual assault in violation of Michigan Compiled Laws (M.C.L.) § 750.520b, one count of felon in possession of a firearm in violation of M.C.L. § 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm) in violation of M.C.L. § 750.227b. Gresham was sentenced to 23 to 75 years imprisonment for the two first degree sexual

assault convictions, 2 to 10 years imprisonment for the felon in possession of firearm conviction, and 2 years imprisonment for the felony-firearm conviction.

Gresham took a direct appeal. On April 26, 2002, the Michigan Court of Appeals affirmed the judgment of conviction and dismissed the direct appeal. *People of State of Michigan v. Gresham*, 2002 WL 864390 (Mich. App. April 26, 2002). Gresham filed a delayed application for leave to appeal which was denied by the Michigan Supreme Court on October 29, 2002. *People of State of Michigan v. Gresham*, 467 Mich. 895, 653 N.W.2d 410 (Mich. October 29, 2002).

On April 21, 2003, Gresham filed a motion for relief from the judgment of conviction in the Kent County Circuit Court which was denied. He next filed a delayed application for leave to appeal which was denied by the Michigan Court of Appeals on August 16, 2005. Gresham claims that he attempted to file an appeal in the Michigan Supreme Court, but the Clerk of the Michigan Supreme Court never received it.

28 U.S.C. § 2244(d)(1) provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; ....

28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

3

In the report and recommendation, Magistrate Judge Greeley calculates that with regard to Gresham's 28 U.S.C. § 2254 habeas petition, the one-year statute of limitations provided 28 U.S.C. § 2244(d)(1)(A) expired on July 19, 2006. Gresham was required to file his § 2254 habeas petition no later than July 19, 2006, which he failed to do. Consequently, Gresham's § 2254 habeas petition is time-barred by the applicable statute of limitations in § 2244(d)(1)(A).

More than three years after the July 19, 2006 deadline, Gresham filed his instant § 2254 habeas petition. On or about October 19, 2009, Gresham mailed his § 2254 habeas petition to this United States District Court. The Clerk of this Court received and docketed the habeas petition on November 30, 2009. [Doc. No. 1]. Applying the prisoner mailbox rule, the Court deems the § 2254 habeas petition to have been filed on October 19, 2009. Because the initial habeas petition was deficient and not in the correct form, Magistrate Judge Greeley properly ordered Gresham to file an amended petition using the standard form required in 28 U.S.C. § 2254 proceedings. Gresham complied with the order and filed his amended habeas petition. [Doc. No. 18].

**II.     Analysis**

    **A.     28 U.S.C. § 2244(d)(1)(B) Not Applicable To Gresham's Habeas Petition**

Pursuant to 28 U.S.C. § 2244(d)(1)(A) Gresham was required to file his § 2254 habeas petition no later than July 19, 2006. The one-year statute of limitations on his habeas petition expired on July 19, 2006.

Gresham raises an objection and argues that the running of the statute of limitations should instead be calculated pursuant to 28 U.S.C. § 2244(d)(1)(B). Gresham contends that MDOC employees impeded and prevented him from filing his § 2254 habeas petition by the deadline of July 19, 2006. This argument fails.

For purposes of applying the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), the key is to determine what occurred during the critical time period before July 19, 2006. Gresham makes a conclusory allegation that from April 2006 through October 2006, some of his property was confiscated by MDOC. [Doc. No. 20]. This bare allegation is exceedingly vague and is not adequately supported by facts and relevant documents. Gresham does not bother to explain what property was confiscated from him by MDOC prior to July 19, 2006, and how this impeded or prevented him from filing a § 2254 habeas petition with this United States District Court by the deadline of July 19, 2006. After reviewing the record, the Court finds that Gresham has not met his burden of showing that MDOC employees impeded and prevented him from timely filing his habeas petition on or before the deadline of July 19, 2006, as required by 28 U.S.C. § 2244(d)(1)(A).

The vast majority of Gresham's complaints about the conduct of MDOC employees are alleged to have occurred after the deadline of July 19, 2006, and after the one-year statute of limitations had already expired on his habeas claims pursuant to 28 U.S.C. § 2244(d)(1)(A). For example, Gresham alleges that on August 16, 2006, a MDOC employee failed to pick up his outgoing mail which was designated as a habeas petition. [Doc. No. 5, Gresham's Second Affidavit of Equitable Tolling]. In other words, Gresham contends that he had prepared a habeas petition to be mailed on August 16, 2006, but he was prevented from mailing it by a MDOC employee.

This contention is inconsistent with Gresham's other allegation that he was prevented from preparing a habeas petition because his property was confiscated by MDOC from April 2006 through October 2006. If Gresham was able to prepare a habeas petition to be mailed on August 16, 2006, which falls within the time period when his property was confiscated by MDOC, the Court questions why Gresham was purportedly unable to prepare and mail a 28 U.S.C. § 2254 habeas petition to this

5

Court by the deadline of July 19, 2006, despite the confiscation of his property. Gresham's allegation that he had prepared and was ready to mail a habeas petition on August 16, 2006, while his property was confiscated by MDOC severely undercuts the credibility of his claim that the same confiscation of his property by MDOC somehow impeded and prevented him from filing a habeas petition by the deadline of July 19, 2006. Gresham fails to explain how he was able to prepare a habeas petition to be mailed on August 16, 2006, but he was allegedly impeded and prevented from preparing and filing a habeas petition by the deadline of July 19, 2006. In sum, the Court is not persuaded that Gresham was prevented by MDOC employees from preparing and filing or mailing a habeas petition on or before the statute of limitations deadline of July 19, 2006.

Assuming *arguendo* that a MDOC employee on August 16, 2006, failed to pick up Gresham's outgoing legal mail which contained a § 2254 habeas petition, this does not assist Gresham in the statute of limitations analysis under 28 U.S.C. § 2244(d)(1)(A). Even if prisoner Gresham had been able to mail his habeas petition on August 16, 2006, this would have occurred after the deadline of July 19, 2006. The statute of limitations on Gresham's habeas petition expired on July 19, 2006, approximately one month prior to August 16, 2006. Consequently, the alleged conduct of the MDOC employee on August 16, 2006, is irrelevant.

Similarly, there is a vague allegation by Gresham that he was subjected to retaliation in 2007 when MDOC transferred him to the Alger Maximum Correctional Facility. Gresham contends that on November 2, 2007, MDOC hearing officer Linda Maki confiscated Gresham's legal documents that he needed to file an "equitable tolling habeas corpus" petition. [Doc. No. 5]. This event, if true, is immaterial because it occurred after the statute of limitations expired on July 19, 2006.

In support of his argument that the running of the statute of limitations should be calculated

based on 28 U.S.C. § 2244(d)(1)(B), Gresham refers to a separate 42 U.S.C. § 1983 federal civil rights action he filed on December 5, 2007, styled *Michael Ismael Gresham, et al. v. Patricia Caruso, et al.*, United States District Court for the Western District of Michigan, Case No. 2:07-cv-241. Gresham's reliance on that case is misplaced. All of the events that are the subject of the lawsuit in Case No. 2:07-cv-241 occurred in 2007, after the statute of limitations had already expired on July 19, 2006.

This Court concludes that Gresham's myriad of allegations are insufficient to invoke 28 U.S.C. § 2244(d)(1)(B). Gresham has not met his burden of showing that on or before July 19, 2006, MDOC employees impeded and prevented him from filing his habeas petition by the deadline of July 19, 2006. The Court agrees with the Magistrate Judge's report and recommendation that the applicable statute of limitations here is 28 U.S.C. § 2244(d)(1)(A). The Court rejects Gresham's argument that the running of the statute of limitations in his case should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(B).

**B.     Equitable Tolling and Claim of Actual Innocence**

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *McSwain v. Davis*, 287 Fed. Appx. 450, 455 (6th Cir. 2008); *Souter*, 395 F.3d at 588; *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Gresham bears the burden of demonstrating that he is entitled to equitable tolling of the statute of limitations. *Connolly*, 304 Fed. Appx. at 417; *Jagodka v. Lafler,* 148 Fed. Appx. 345, 347 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly*, 304 Fed. Appx. at 417; *McSwain*, 287 Fed. Appx. at 458-59; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431-32 (6th Cir. 2007); *Harvey v. Jones,* 179 Fed. Appx. 294, 297 (6th Cir. 2006); *Souter*, 395 F.3d at 589-90. There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup v. Delo,* 513 U.S. 298, 321 (1995); *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590; *Alexander v. Metrish*, 2007 WL 542010, * 9 (W.D. Mich. Feb. 16, 2007). The United States Supreme Court and the Sixth Circuit Court of Appeals caution that the actual innocence equitable tolling exception remains rare and may only be applied in extraordinary cases. *Schlup*, 513 U.S. at 321; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence based on the facts, Gersham is required to support his allegations of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not known or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker*, 212 Fed. Appx. at 431; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. Without any such new reliable evidence showing actual innocence, even the existence of a meritorious legal claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow this Court to reach the merits of a prisoner's habeas claims that are time-barred by the statute of limitations. *Schlup*, 513 U.S. 298, 316;

*Connolly*, 304 Fed. Appx. at 417; *Nelloms v. Jackson*, 129 Fed. Appx. 933, 937 (6th Cir. 2005).

If a habeas petitioner is able to present new reliable evidence to support a credible claim of actual innocence, the Court must consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the formal rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on this total record, the Court then makes a determination about what an objectively reasonable and properly instructed jury would probably decide. The habeas petitioner's burden at the gateway stage of this analysis is to demonstrate that in light of the new reliable evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 327; *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590, 598-99.

Gresham's fails to clear the initial hurdle necessary to establish a credible claim of actual innocence. The threshold inquiry is whether Gresham has presented new reliable evidence that raises sufficient doubt about his guilt to undermine confidence in the outcome of the criminal trial in the Kent County Circuit Court. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9.

This Court finds that Gresham has not presented any new reliable evidence and new facts to support his actual innocence claim. All of the alleged "new" evidence presented here by Gresham was known and available to Gresham and his counsel at the time of trial. Consequently, Gresham fails to make a threshold showing that he has a credible claim of actual innocence based on new reliable evidence. *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590.

9

The Michigan Court of Appeals says that the evidence at Gresham's trial was permeated with testimony that he possessed cocaine and was a cocaine dealer. Gresham's defense theory at trial was that the female victim engaged in consensual sexual relations with him in exchange for cocaine he supplied. *Gresham*, 2002 WL 864390, at * 2.

In this instant habeas proceeding, Gresham contends that he and another man, Thomas White, arranged to have sex with two women in exchange for crack cocaine. Gresham claims it was Thomas White who committed the sex crime, i.e. sodomized the female victim. Gresham says that the female victim and the other eyewitnesses did not make credible witnesses at trial because they were impaired when the crime was committed by Thomas White and they could not accurately remember what happened due to their being "high" on crack cocaine.

Gresham contends that Lisa Upton and Vickie Clemons should have been called to testify at his trial. Gresham claims that Upton and Clemons could have given testimony that would have exonerated Gresham and proved his innocence. However, the record shows that Gresham and his trial attorney, Damian Nunzio, knew about the proposed testimony of Lisa Upton and Vickie Clemons at the the trial in April, 2000. This is discussed by the Michigan Court of Appeals in its opinion rendered on April 26, 2002, affirming Gresham's judgment of conviction on direct appeal. *Gresham*, 2002 WL 864390. Any testimony that Lisa Upton and Vickie Clemons might be able to offer at this juncture would not be new evidence that was only discovered after the trial.

Moreover, Gresham has not submitted sworn affidavits from Lisa Upton and Vickie Clemons to establish the substance of their proposed testimony. It is unknown whether Lisa Upton and Vickie Clemons are still alive today, and whether they could be available to testify

at a new trial.

Gresham next submits page 138 from the transcript of his preliminary hearing in the Michigan state court that occurred in or about November 1999, prior to his indictment and trial. [Doc. No. 18-2, p.4]. Gresham was represented at the preliminary hearing by attorney Joseph H. Doele. In the excerpt from the transcript of the preliminary hearing, attorney Doele states to the court that Doele had conducted an investigation and interviewed Vickie Clemons. The preliminary hearing transcript demonstrates that Gresham knew about Vickie Clemons and her possible testimony prior to Gresham's indictment and the trial. Consequently, any testimony that Vickie Clemons might be able to offer at this juncture would not be new facts and new evidence, but rather would be only old facts that were previously known to Gresham at the time of his trial. This is confirmed by an exchange of correspondence between Gresham and Doele in January, 2002. [Doc. No. 18-2, pp.2,3].

Gresham next submits a pretrial investigation report dated March 30, 2000, written by Eli Ortiz of Legal Assistant Associates, Grand Rapids, Michigan. [Doc. No. 18-2, p. 1]. Ortiz sent the investigation report to Gresham's trial attorney, Damian Nunzio, prior to the trial. For purposes of applying the actual innocence tolling doctrine, the pretrial investigation report does not constitute new facts and new reliable evidence. The information set forth in the investigation report was known and available at the time of Gresham's trial. The statements by Ortiz in the investigation report, concerning what Lisa Upton and Vickie Clemons might say if they were called as witnesses at trial, are nothing more than rank hearsay and do not constitute reliable, trustworthy evidence. Prior to the March 30, 2000, investigation report, Gresham had already received detailed information

11

from attorney Doele concerning the substance of what Vickie Clemons had to offer as a potential defense witness.

Furthermore, assuming *arguendo* that the information in the Ortiz pretrial investigation report is accurate, Lisa Upton's significance as a potential defense witness is minimal. It is obvious from the Ortiz investigation report that Lisa Upton was not present when the crimes were committed. Upton has no relevant personal knowledge of what happened and she cannot offer any eyewitness testimony that would prove Gresham's actual innocence. Upton merely had a conversation with Vickie Clemons during which Clemons said that it was the other man (Thomas White) who sodomized the female victim, not Gresham. At most, Lisa Upton might only be able to offer some testimony that could perhaps impeach testimony by Vickie Clemons. Upton's potential testimony is of little or no value to Gresham's actual innocence claim.

Gresham submits a letter from his former girlfriend, Ebony Mayberry, dated January 25, 2001. [Doc. No. 18-2, pp. 5-7]. The Court finds that Mayberry's letter does not constitute new reliable evidence and it does not support the actual innocence claim. The letter is not in the form of an affidavit or sworn statement. Although Mayberry states her personal belief that Gresham did not commit the sex crimes, this is nothing more than Mayberry's opinion. Mayberry is not an eyewitness and she was not present when the crimes were committed. Mayberry does not offer any new reliable evidence to demonstrate that Gresham is actually innocent based on relevant facts within her personal knowledge.

The Court rejects Gresham's argument that he is entitled to equitable tolling of the statute of limitations based on the actual innocence equitable tolling doctrine. The factual allegations and documents submitted by Gresham fall far short. Gresham does not have a credible claim of

actual innocence based on new reliable evidence.

## III. Conclusion

Accordingly, Gresham's objections to the Magistrate Judge's report and recommendation [Doc. No. 20] are **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). For the reasons expressed in the report and recommendation and in this memorandum opinion, Gresham's amended petition for writ of habeas corpus brought under 28 U.S.C. § 2254 shall be **DENIED and DISMISSED WITH PREJUDICE** on the ground that it is time-barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1)(A).

If petitioner Gresham files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be denied pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find it debatable whether the habeas petition has been properly dismissed on the ground it is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

A separate judgment will enter.

SO ORDERED.

Dated: April 26, 2010.

                                      */s/ R. Allan Edgar*
                                    R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE